**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Deborah Everett,                         )
                                         )
                Plaintiff,               ) Case No. 1:11-CV-219
                                         )
        vs.                              )
                                         )
Commissioner of Social Security,         )
                                         )
                Defendant.               )

O R D E R

This matter is before the Court on Magistrate Judge Litkovitz's Report and

Recommendation of August 28, 2012 (Doc. No. 20) and the Commissioner of Social

Security's objections to the Report and Recommendation. Doc. No. 21.  In her Report

and Recommendation, Judge Litkovitz determined that Plaintiff Deborah Everett had

adduced material new evidence that was not available during the administrative process

that might reasonably result in the Commissioner granting her claims for Disability

Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  Judge Litkovitz,

therefore, recommended that the case be remanded to the Administrative Law Judge

("ALJ") pursuant to Sentence Six of 42 U.S.C. § 405(g) to consider Plaintiff's claims in

the light of the new evidence.  For the reasons that follow, the Commissioner's

objections to the Report and Recommendation are not well-taken and are

**OVERRULED.**  This case is **REMANDED** to the ALJ pursuant to Sentence Six of 42

U.S.C. § 405(g) for further proceedings consistent with this order.

In her Report and Recommendation, Judge Litkovitz set out in some detail the

relevant medical evidence in this case.  Consequently, a full recitation of that evidence

again is not required.   For purposes of reviewing the Report and Recommendation, it is sufficient to note the following.

Plaintiff filed applications for DIB and SSI based on impairments of degenerative disc disease, high blood pressure, right leg drop and problems with her right breast.  As indicated in the Report and Recommendation, among the symptoms Plaintiff complained resulted from these various impairments were radiating pain throughout her back, shoulder and arm, loss of balance, fatigue, numbness and tingling in her hands, and weakness in her right arm and hand.  Report and Recommendation at 20. Regarding the weakness in her hands and arms, Plaintiff testified that she had a dropped a plate of food and a gallon of milk and that she had difficulty buttoning her clothes, manipulating small objects and round door knobs and using keys. Tr. 42-46, 54.

In his written decision denying Plaintiff's claim for benefits, the ALJ discounted her credibility as to the limitations imposed by her impairments.  The ALJ thought that Plaintiff's daily activities were inconsistent with her claimed limitations.  The ALJ observed that Plaintiff engaged in exaggerated pain behaviors during the hearing.  The ALJ noted that MRI's of Plaintiff's lumbar, thoracic and cervical spine showed no nerve root compromise and that an EMG of her right leg and arm were normal.  In considering medical source opinions, the ALJ relied principally on the opinion of Dr. Bailey, a state agency examiner, who concluded that Plaintiff has only mild to moderate restrictions in sitting, ambulating, standing, bending, kneeling, pushing, pulling, lifting and carrying heavy objects, and has no difficulty reaching, grasping, and handling objects.  Tr. 16, 245.  The ALJ gave little or no weight to the opinion of Certified Nurse Practitioner

("CNP") Debra Johnson.[1]  CNP Johnson provided a Physician's Report of Functional Limitations which in part stated that Plaintiff is unable to use her hand for repetitive simple grasping or for fine manipulation.  Tr. 725.  The ALJ rejected Johnson's opinion on the grounds that her assessment seemed to just parrot what Plaintiff had told her about her limitations and because Johnson's assessment was terse and gave no explanation for its conclusions.  Tr. 16.  Stated another way, the ALJ rejected Johnson's opinion at least in part because it was based on Plaintiff's subjective complaints and, having determined that Plaintiff's testimony on the limitations imposed by her impairments was not credible, an opinion based on her subjective complaints was not credible.

The ALJ determined that Plaintiff has the RFC to perform a limited range of sedentary work, including the ability to lift 10 pounds, stand or walk for two hours, stand for 15 to 20 minutes at a time, walk for three blocks at one time, sit for up to 1 hour at a time with no limitations on the total time she can sit.  The ALJ found that Plaintiff can occasionally climb stairs, but she cannot crouch or kneel.  The ALJ determined that Plaintiff can frequently reach, handle and finger with her right arm.  The ALJ stated that this assessment was consistent with the medical evidence of record and that the time periods for sitting, standing, and walking were drawn from Plaintiff's own testimony as to her limitations.  Tr. 16.  The ALJ determined that Plaintiff cannot perform her past

---

[1]       As Judge Litkovitz noted in her Report and Recommendation, the ALJ apparently mistakenly believed that Johnson is an M.D. instead of a CNP.  Doc. No. 20, at 8 n.4.  For present purposes, however, this apparent mistake is inconsequential since a CNP is an medical source whose opinion is entitled to appropriate consideration under the Social Security regulations.  Cruse v. Commissioner of Social Sec., 502 F.3d 532, 540-42 (6th Cir. 2007).

relevant work, but based on the testimony of the vocational expert, determined that there are a substantial number of jobs in the national economy that Plaintiff can perform, including hand packer, sedentary inspector, and bench assembler.  Tr. 17. Consequently, the ALJ determined that Plaintiff is not disabled under the Social Security regulations.  It should be noted at this point, however, that on cross-examination the vocational expert testified that all employment would be precluded if Plaintiff cannot do fine manipulation or grasping with her hands. Tr. 67-68.

The Appeals Council denied Petitioner's request to review the ALJ's decision. Plaintiff filed a timely complaint for review of the ALJ's decision which raised two specific assignments of error: 1) the ALJ failed to fully account for the weakness and loss of coordination in her right upper extremity in developing his RFC; and 2) the ALJ improperly disregarded the opinion of her treating physician, Dr. Brarens.  In addition to these assignments of error, Plaintiff submitted new medical evidence and requested a remand of the case to the ALJ for consideration of that evidence.  The new medical evidence is number of diagnostic tests taken after the conclusion of the evidentiary hearing which show that she has multiple sclerosis ("MS").  See Doc. No. 20, at 15-16 (Report and Recommendation summarizing the new evidence).  Plaintiff argued that the new evidence indicates that she has had clinical signs of MS going back at least as far as the onset date of disability.  Moreover, Plaintiff argued that the new evidence supports her claims concerning her subjective complaints that the ALJ felt she was exaggerating.

Magistrate Judge Litkovitz rejected Plaintiff's two specific assignment of errors, but agreed with Plaintiff that the new evidence was material and warranted a remand to

the ALJ for consideration pursuant to Sentence Six.  Judge Litkovitz determined that the new evidence is material because in retrospect it provides a medically determinable impairment that could be expected to produce Plaintiff's pain, weakness, and instability, and other symptoms and would bolster her credibility regarding her subjective complaints.  Therefore, Judge Litkovitz recommended a remand for consideration of the new evidence.

The Commissioner filed timely objections to the Report and Recommendation.[2] The Commissioner argues that the new evidence is not material, i.e., not reasonably likely to result in a change of the ALJ's decision because, he did not reject Plaintiff's complaint due a lack of a specific medical diagnosis to explain her symptoms.  Rather, according to the Commissioner, the ALJ adopted Plaintiff's own limitations on sitting, standing, and walking, and that the other limitations found by the ALJ were supported by Dr. Bailey's opinion.  The Commissioner also argues that the new evidence does not bolster Plaintiff's credibility because the ALJ's adverse credibility determination was based on inconsistencies in her testimony and not the lack of a diagnosis of her impairment.

The district court reviews <u>de novo</u> a magistrate judge's report and recommendation regarding social security benefits claims.  <u>Ivy v. Secretary of Health &</u>

---

[2]      Plaintiff did not object to Judge Litkovitz's determination that her two other assignments of error are without merit.  Therefore, that aspect of the Report and Recommendation is not before the Court.  Fed. R. Civ. P. 72(b)(3)("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

  Case: 1:11-cv-00219-SSB-KLL Doc #: 23 Filed: 10/01/12 Page: 6 of 8  PAGEID #: 878

Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).  Section 405(g) of Title 42 of the

United States Code states in relevant part:

> The court may, on motion of the Commissioner of Social Security made for good
> cause shown before the Commissioner files the Commissioner's answer, remand
> the case to the Commissioner of Social Security for further action by the
> Commissioner of Social Security, and it may at any time order additional
> evidence to be taken before the Commissioner of Social Security, but only upon
> a showing that there is new evidence which is material and that there is good
> cause for the failure to incorporate such evidence into the record in a prior
> proceeding[.]

42 U.S.C. § 405(g), sixth sentence.  This section contemplates two different kinds of

remand:  1) where the Commissioner requests a remand before answering the

complaint; and 2) where material new evidence is adduced that for good cause was not

presented to the agency.  Marshall v. Commissioner of Social Sec., 444 F.3d 837, 841

n. 2 (6th Cir. 2006).   In the second circumstance, the district court may only order a

Sentence Six remand if the evidence is new and material and there was good cause for

not presenting it in the prior proceeding.  Foster v. Halter, 279 F.3d 348, 357 (6th Cir.

2001).  New evidence is material if there is a reasonable probability that the ALJ would

have reached a different disposition of the claim if presented with the new evidence.  Id.

In this case, the Commissioner does not argue that the evidence is not new or

that Plaintiff lacks good cause for not presenting it to the ALJ during the administrative

process.  Therefore, the only question before the Court is whether there is a reasonable

probability that the new evidence would produce a different disposition of Plaintiff's

disability claim.  The Court concludes that the new evidence is material and warrants a

remand to the ALJ.

As the Report and Recommendation suggests,  since multiple sclerosis is a slowly progressive central nervous system disease, it is unlikely that Plaintiff suddenly developed MS after the evidentiary hearing.  Rather, it is more likely that Plaintiff has been suffering from MS for at least several years, a fact which would explain the variety of symptoms she has experienced.  Additionally, the new diagnosis of MS does enhance Plaintiff's credibility because it provides objective support for her testimony that she has difficulty with grasping and fine manipulation.  This also bolsters CNP Johnson's opinion, which the ALJ rejected at least in part because it was based on Plaintiff's subjective complaints.  If accepted, Johnson's opinion would result in a finding of disability since the vocational expert testified that Plaintiff's inability to perform grasping and fine manipulation would preclude all employment.[3]  Finally, evaluating disability based on MS requires consideration of "the frequency and duration of the exacerbations, the length of the remissions, and the evidence of any permanent disabilities."  Wilcox v. Sullivan, 917 F.2d 272, 277 (6th Cir. 1990).  Consideration of Plaintiff's testimony in light of the diagnosis of MS reasonably might suggest that what the ALJ found to be inconsistencies were in fact indicative of the waxing and waning of the disease and/or evidence of a progressive worsening of her condition.  See id. ("Multiple sclerosis is an incurable, progressive disease subject to periods of remission and exacerbation.");  Anderson v. Commissioner of Social Sec., 440 F. Supp.2d 696,

---

[3]     This would be true even though, as the Commissioner points out, the ALJ adopted Plaintiff's self-reported limitations on sitting, standing, and walking that are otherwise consient with the ability to perform sedentary work.

699 (E.D.Mich. 2006) (noting that assessment of MS requires the ALJ to perform a longitudinal evaluation).

In summary, Plaintiff's recent diagnosis of MS casts the relevant medical evidence in a new light.  The Court agrees with Magistrate Judge Litkovitz that there is a reasonable probability that a different resolution of Plaintiff's claim for disability benefits might result in light of the new evidence.  Accordingly, the Commissioner's objections to the Report and Recommendation are not well-taken and are **OVERRULED.**  The Court **ADOPTS** the Report and Recommendation.  This case is **REMANDED** to the ALJ pursuant to Sentece Six of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

**IT IS SO ORDERED**

Date October 1, 2012                              s/Sandra S. Beckwith
                                                  Sandra S. Beckwith
                                                  Senior United States District Judge